POLEN, J.
Appellant, Richard Lehman, appeals the trial court’s final judgment denying discharge, denying personal representative’s fee, granting surcharge, voiding transactions, and granting objections to the final accounting; and the order denying motion for rehearing and new trial and motion to alter or amend judgment and cancelling hearing. We affirm the trial court’s final judgment because there was competent, substantial evidence to support the trial court’s finding that Lehman misappropriated estate funds, breaching his fiduciary duty as executor of the estate.
Wilson Charles Lucom died in 2006 in the Republic of Panama, leaving an estate valued at somewhere between twenty-five and fifty million dollars. Lucom’s will named Hilda Piza Lucom (“Hilda”), Christopher Ruddy, and appellant, Richard Lehman, as co-albaceas, or co-executors. Lehman had paid expenses for Hilda and Lueom’s foundation from his professional association, Richard S. Lehman, P.A., pursuant to his appointment and agreement to take care of Lucom’s affairs. Lehman also used money from the Florida Lucom estate to fund the foundation located in Panama. Lehman testified that he tried to use the Panama estate money, but Hilda froze the accounts.
A July 5, 2006 order opened the Panama estate and declared Lehman the sole executor. On July 18, 2006, Hilda appealed the order that declared Lehman sole executor and the trial court stated that the appeal made the order “automatically and immediately null and void.” Lehman admitted during testimony that he was not properly appointed and that his status as albacea, or executor, was a nullity. The trial court *594 found that Lehman was never properly installed as executor of the Panama estate.
Along with his Panamanian estate, Lu-com also had real property and a bank account in Florida that contained $665,241.25. Lehman petitioned the Palm Beach County Circuit Court for appointment as ancillary personal representative of the Florida estate as well. Upon his appointment, Lehman took control of the $665,241.25 in the Wachovia account. Lehman spent approximately $600,000 of the account to pay expenses and protect the estate because the Panama will was under attack.
When Lehman resigned as ancillary personal representative, he provided a final accounting. Lehman testified that the final accounting accurately depicted the liquidation of the $665,241.25, as well as the money he advanced from his law firm. The final accounting showed that $400,000 was placed in Lehman’s firm account, which he stated was to reimburse himself for expenses he paid on the estate’s behalf. Lehman admitted that there were money deposits and withdraws from the account that were not related to the estate, but, instead, related to his personal business. The trial court’s final judgment found that Lehman had no authority when the ancillary Florida estate was opened because his installation in Panama was void ab initio. Additionally, the trial court found that he acted recklessly and in bad faith.
“A trial court’s determination of foreign law is a question of law over which an appellate court exercises plenary review.” Agrofollajes, S.A. v. E.I. Du Pont De Nemours & Co., 48 So.3d 976, 990 (Fla. 3d DCA 2010).
Lehman argued that the linchpin of the trial court’s decision was the propriety of his installation as an executor of the Panamanian domiciliary estate. The court found that Lehman’s appointment was void, ab initio because of his lack of proper notice to the other executors of the estate. Florida Probate Rule 5.201 requires that formal notice is “served on all known persons qualified to act as personal representative.” Fla. Prob. R. 5.201; Cooper v. Ford & Sinclair, P.A., 888 So.2d 683, 687 (Fla. 4th DCA 2004). However, this court found in Cooper that failure to comply with this particular procedure rendered the appointment voidable. Cooper, 888 So.2d at 688 (quoting the Supreme Court of Florida in In re Williamson’s Estate and providing that “discovery of a will and the issuance of letters testamentary after the appointment of an administrator for an estate does not render the grant of letters of administration void. It is only voidable.” 95 So.2d 244, 246 (Fla.1957)); see also § 733.610, Fla. Stat. (2010) (explaining that any transfer to a personal representative “is voidable by any interested person.”).
However, the status of Lehman’s position as executor of the domiciliary estate does not negate the fact that he improperly used funds of the ancillary estate to fund his litigation in Panama over the domiciliary estate and to clear his name from personal attacks. These are not proper expenditures of the ancillary estate. Section 734.102, Florida Statutes, governs ancillary administration. Under subsection (6) of 734.102, the Florida Statutes provide that payments of expenses and claims against the estate must be paid before property is transferred or distributed to beneficiaries of the estate. § 734.102(6), Fla. Stat. (2010).
Here, expenditures made by Lehman from the ancillary estate to fund the Panama litigation prevented the ancillary estate from paying Class 1, Class 3, and Class 8 payment obligations. See § 733.707, Fla. Stat. (2010). In other words, as appellees argued, the prevailing issue here is not the *595 installation, but the way the funds from the Florida estate were used by Lehman upon his appointment as executor. If the funds were not available to pay expenses, but were commingled with Lehman’s law firm account and converted to avoid compliance with Panamanian court orders, the disbursement of the ancillary estate did not conform to the payment order of priority provided in the Florida Statutes.
The trial court stated in its final order that, regardless of proper installment or appointment, the crux of this case is whether Lehman breached his fiduciary duty as an executor and acted in bad faith with reckless indifference to the rights of the interested parties. It was Lehman’s responsibility as “ancillary administrator to procure funds with which to pay the costs and expenses incident to ancillary administration.” In re Wilson’s Estate, 143 Fla. 812, 197 So. 557, 562 (1940). When he applied the entire ancillary estate to improper payments and expenses and did not reserve any fund with which to pay the creditors’ expenses, he acted in bad faith to the interests of the estate and those interested parties. We find no error in the trial court’s conclusion that he breached his fiduciary duty and is liable to the estate for his conduct.
Thus, the propriety of Lehman’s installation was secondary to his misuse of estate funds and was, at the very least, voidable. As such, Lehman’s status is irrelevant in light of the competent, substantial evidence which existed to show misappropriation of Lucom’s funds in violation of Florida law. Accordingly, we affirm the trial court’s final judgment on the grounds that Lehman breached his fiduciary duties as albacea, or executor, of the estate.

Affirmed.

WARNER, J., and EHRLICH, MERRILEE, Associate Judge, concur.